UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



JOHN C.[1],

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

6:23-CV-6199 (JLS)

## DECISION AND ORDER

Plaintiff John C. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 8–1. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 10–1, 11. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI"), filed on March 3, 2020.[2] Tr. 313–19.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 157–170. Following the hearing, at which Plaintiff was represented by counsel, ALJ John Carlton issued a decision finding that Plaintiff was not disabled. Tr. 20–32. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–6; Dkt. 1.

## LEGAL STANDARDS

### I. DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 5 are hereby denoted "Tr. __."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since filing his application on January 31, 2020. Tr. 22.[4] The ALJ also found that Plaintiff suffered from the following severe impairments: herniated discs of the lumbar spine; obstructive sleep apnea; chronic obstructive pulmonary disease/asthma; and obesity. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 24.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations:

> [Plaintiff] has both been capable of and restricted to the performance of jobs that do not require employees to negotiate ladders, ropes or scaffolds, to work at unprotected heights or to

---

[4] The record reflects that Plaintiff's application for SSI is dated March 3, 2020. Tr. 313.

work around dangerous machinery; (ii) he has both been capable of and restricted to the performance of jobs that require no more than occasional climbing of ramps or stairs and that require no more than occasional balancing, stooping, crouching, crawling or kneeling; and (iii) he has both been capable of and restricted to jobs that are performed indoors in what one would typically expect in an office environment inasmuch as he has been restricted to the performance of jobs with an environment with a controlled temperature where the working environment does not involve exposure to excessive heat, humidity, cold, fumes, odors, dust, pollen or other pulmonary irritants which could potentially cause an exacerbation of the claimant's respiratory condition.

Tr. 24.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 30. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. Tr. 31. As such, according to the ALJ, Plaintiff had not been under a disability since his application date of January 31, 2020. *Id.*

## II.   PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ failed to evaluate the supportability and consistency of the opinion from Hemant Patel, M.D., ("Dr. Patel"). Dkt 8–1, at 8. More specifically, Plaintiff argues that the ALJ was required to discuss evidence that supported Dr. Patel's sit/stand limitations. *Id.* at 10. For the reasons below, Plaintiff's argument lacks merit.

## III.   ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue,* 508 F. App'x 53, 56

6

(2d Cir. 2013) (summary order); *accord Schillo*, 31 F.4th at 78. But the RFC need not correspond perfectly with "any of the opinions of medical sources cited in [the ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (summary order). As long as the ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not erroneous. *See* 20 C.F.R. §§ 404.1545, 416.945; *see also Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

Under 20 C.F.R. § 404.1520c, the ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings. *See* 20 C.F.R. § 404.1520c(a)-(c). The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, (5) other factors. *Id.* § 404.1520c(c). An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three. *Id.* § 404.1520c(b). The ALJ is tasked with analyzing medical opinions at the source-level, meaning that the ALJ need not discuss each and every medical opinion in the record, and may apply the factors holistically to a single medical source.

7

*Id.* § 404.1520c(b)(1). These rules do not apply to the ALJ's analysis or consideration of nonmedical sources. *Id.* § 404.1520c(d).

With respect to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be. *Id.* § 404.1520c(c)(1). As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be." *Id.* § 404.1520c(c)(2).

On February 24, 2021, Afeeza Jafer, P.A.-C. ("PA Jafer"), saw Plaintiff and performed an annual physical. Tr. 855. PA Jafer noted that Plaintiff stated he feels well with no complaints. *Id.* PA Jafer additionally reported that Plaintiff's motor strength was normal. *Id.* at 856. On March 19, 2021, Dr. Patel saw Plaintiff and provided notes indicating that the reason for the appointment was to complete Plaintiff's disability form. Tr. 852. Dr. Patel reported that Plaintiff appeared well nourished, well developed, alert and oriented, and in no acute distress. *Id.* at 853.

On March 19, 2021, Dr. Patel completed a physical impairment questionnaire, and opined, among other things, that Plaintiff could sit for 20 minutes at one time, and "stand/walk" for fifteen minutes at a time. Tr. 891. Dr.

8

Patel diagnosed Plaintiff with morbid obesity, lumbar and cervical radiculopathy, sleep apnea, and chronic obstructive pulmonary disease. *Id.* In response to how long Plaintiff could "sit and stand/walk at one time[,]" Dr. Patel indicated that Plaintiff could sit for a total of three hours in an eight hour workday, and stand/walk for two hours in an eight hour workday. *Id.* When asked to identify any side effects from medications that may impact Plaintiff's ability to work, Dr. Patel noted that Plaintiff suffered from fatigue, drowsiness, anxiety, and irritability. *Id.*

In discussing Dr. Patel's office notes from March 19, 2021, the ALJ noted that "the general examination performed by Dr. Patel at that time revealed no limitations." Tr. 27. The ALJ additionally mentioned PA Jafer's office notes from February 24, 2021, where Plaintiff was described as feeling well with no complaints, and noted that, "the examination administered by Dr. Jafer revealed no abnormalities." *Id.*

In finding Dr. Patel's physical impairment questionnaire "not . . . at all persuasive[,]" the ALJ noted that Dr. Patel's physical impairment questionnaire from March 19, 2021 "show[ed] that [Plaintiff] was alleging more significant symptoms . . . than he had the month before when he had come to that office for a physical examination." Tr. 29. The ALJ additionally opined that, although Dr. Patel mentioned various side effects that may impact Plaintiff's ability to work, Dr. Patel "did not identify which medications were allegedly causing these side effects and there were no notes in the examination records from Dr. Patel's office . . .

9

indicating that [Plaintiff] had complained of side effects or even indicating that treating medical professionals were contemplating changing his medications." *Id.*

The ALJ properly considered Dr. Patel's opinion as to the consistency factor. *See* 20 C.F.R. § 416.920c(c)(2) ("The more consistent a medical opinion or prior administrative finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be."). For example, the ALJ noted that Plaintiff's reported symptoms in March 2021 were inconsistent with the symptoms he reported the month prior during his annual physical examination with PA Jafer. *See* Tr. 29. And although Plaintiff points to evidence that is consistent with Dr. Patel's opinion, Dkt. 8–1, at 10–11, this was a task wholly within the province of the ALJ. *See Veino v. Barnhart,* 312 F.2d 578, 588 (2d Cir. 2002) ("In social security disability proceedings, genuine conflicts in the medical evidence are for the Commissioner of Social Security to resolve.").

Although Plaintiff asserts that the ALJ was obligated to discuss portions of the record that supported Dr. Patel's opinion, Dkt. 8–1, at 10, the ALJ had no requirement to perform such an assessment. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(2) (The "supportability" factor asks how well a medical source supported his or her opinion with "objective medical evidence" and "supporting explanations.").[5] As to the supportability factor, the ALJ opined that although Dr.

---

[5] For claims filed before March 27, 2017, an ALJ was required to evaluate medical opinions based on "the following factors: (1) the evidence in support of the opinion; (2) the consistency of the opinion with the record as a whole; (3) the specialty of the

10

Patel listed cervical radiculopathy as one of Plaintiff's diagnoses, "there is no other evidence in the record supporting that diagnosis and the record indicates that, as far as spinal disorders are concerned, [Plaintiff] has only alleged a lumbar disorder." *Id.* at 29–30. The ALJ also noted that after reviewing the records from Harlem Medical Group, "it appears that[,] although [Plaintiff] had seen other providers at the same practice, March 19, 2021 was the first time that Dr. Patel had seen [Plaintiff] since at least 2019 and that, despite the fact that [Plaintiff] had not been seen by Dr. Patel in years, he had traveled all the way from Rochester to the Bronx to have this doctor fill out this form." *Id.* at 30. Thus, the ALJ properly determined that Dr. Patel's opinion was not supported by the evidence in the record or by the records from Harlem Medical Group.

In sum, the ALJ's consideration of Dr. Patel's opinion sufficiently comports with the governing regulations. The ALJ assessed the consistency of Dr. Patel's opinion with other record evidence, finding that Plaintiff alleged more significant symptoms during this visit than he had the month prior. Tr. 29. And he addressed the supportability of Dr. Patel's opinion, finding that, although Dr. Patel listed various symptoms from medications, he did not identify what medications caused those side effects. *Id.* The ALJ additionally noted that Dr. Patel's diagnosis of cervical radiculopathy was not supported in any of the records. *Id.* Contrary to

---

physician; and (4) any other factors which may support of contradict the opinion." *Suttles v. Colvin,* 654 F. App'x 44, 46 (2d Cir. 2016) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). Because Plaintiff's application was filed after this date, these regulations do not apply.

11

Plaintiff's argument that the ALJ was required to discuss portions of the record that supported Dr. Patel's limitations, the ALJ's discussion reflects that he properly applied the regulations, as he considered and explained the relevant factors in weighing the opinion evidence and cited specific evidence in the record supporting his assessment. Thus, Plaintiff's argument is without merit.

In general, a plaintiff's RFC is the most he can do despite his limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We will assess your [RFC] based on all the relevance evidence in your case record."); *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your [RFC]"). Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support his position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Brault v. Soc. Sec. Admin. Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill,* 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 10–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 8–1). The Clerk of the Court will close this case.

SO ORDERED.

Dated:      November 4, 2024
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE